UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SERO DUVALL ASKEW, | ) | 5:12CV0131 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE PATRICIA GAUGHAN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Sero Duvall Askew ("Askew") has filed a petition pro se for a writ of habeas corpus, arising out of his 2004 conviction and sentencing for trafficking in cocaine and related drug offenses, in the Stark County (Ohio) Court of Common Pleas. ([Doc. 1](#).) In his petition, Askew raises three grounds for relief, verbatim:

> 1. When a petitioner is denied merit review of claimed constitutional error, on the basis of an erroneous procedural determination, petitioner is denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> 2. When appellate counsel fails to raise the most obvious and significant issue on direct appeal, petitioner is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 3. When appellate counsel fails to address the trial court's failure to properly inform petitioner of the maximum sentence he faced prior to accepting his plea, as required under [Ohio] Criminal Rule 11(C)(2)(a),

> petitioner is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

(Doc. 1, § 12.)

The respondent has filed an Answer/Return of Writ.  (Doc. 11.)  Askew filed a Traverse.  (Doc. 12.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Askew filed a previous petition for a writ of habeas corpus in this court concerning his 2004 conviction.  (Doc. 11, RX 25.)  The court set forth the factual background underlying his conviction, as recited by the Ohio Court of Appeals, which need not be repeated here.  See generally doc. 11, RX 27, at 2-4; Askew v. Eberlin, No. 5:06CV2484, 2008 WL 440445, at *1-*3 (N.D. Ohio Feb. 13, 2008) (quoting State v. Askew, No. 2004CA00275, 2005 WL 1491503 (Ohio Ct. App. June 20, 2005).)

This court dismissed Askew's 2006 habeas petition on the basis that the state provided a full and fair opportunity to raise his first (Fourth Amendment) claim, and that the second claim was not fairly presented to the state courts.  (Doc. 11, RX 27; Askew, 2008 WL 440445).

After the federal habeas petition was denied in February 2008, Askew returned to the state courts.  On Aug. 1, 2008, Askew filed a motion for sentence

modification, which was denied. (Doc. 11, RX 28-29.) No appeal was taken of that decision.

## A. Motion to Withdraw Plea

On Nov. 26, 2008, Askew filed a motion to withdraw his guilty plea. Askew argued that the minimum and maximum sentences had been misrepresented to him, and his plea was not knowingly, intelligently, and voluntarily made. (Doc. 11, RX 30.) The trial court denied his motion, stating that under Ohio law, there is no right to withdraw a guilty plea, and finding that Askew had not shown a manifest injustice which support granting the motion. (Doc. 11, RX 31.)

Askew appealed that judgment to the court of appeals, setting forth the following three assignments of error:

> 1. The trial court abused its discretion when it denied without a hearing Mr. Askew's Crim.R. 32.1 motion to withdraw pleas, thereby denying him due process and equal protection of the law in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Sections 2 and 16 of the Ohio Constitution.
>
> 2. The trial court erred in violation of the Due Process and Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, and 16 of the Ohio Constitution when it failed to inform Mr. Askew of the maximum penalty involved, by improperly informing him that he could be convicted and sentenced for both possession in [sic] cocaine under [Ohio Rev. Code] § 2925.11(A) and trafficking in cocaine under R.C. § 2925.03(A)(2), thereby effecting the knowing, intelligent, and voluntariness of his pleas.
>
> 3. Mr. Askew was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendment[s] to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

(Doc. 11, RX 33.)  The court of appeals upheld the judgment of the trial court.  (Doc. 11, RX 36; State v. Askew, No. 2009CA00020, 2009 WL 3184132 (Ohio Ct. App. Sept. 28, 2009).)  Askew's motion for reconsideration was denied.  (Doc. 11, RX 37-38.)

Askew appealed to the Supreme Court of Ohio, presenting the following propositions of law:

> 1. A trial court retains subject-matter jurisdiction to consider a motion to withdraw no contest plea and the doctrines of res judicata and law-of-the-case do not bar claims raised in that motion where the claims therein were not among the claims decided in the previous appeal that challenged the denial of a motion to suppress only.
>
> 2. Whether the defenses of res judicata and law of the-case are waived on appeal where the state failed to raise these affirmative defenses in a responsive pleading in opposition.
>
> 3. Whether enforcement of a plea is a violation of due process and equal protection under the United States and Ohio Constitutions, where the alleged error rises to a level of manifest injustice and would achieve an unjust result when a defendant stands convicted of allied offenses of similar import as a result of the trial court's and counsel's failure to properly apprise him of the maximum-penalty component of Crim.R. 11(C)(2)(a).
>
> 4. Whether counsel renders ineffective assistance by failing to ensure a defendant is aware prior to entering a plea that he cannot be convicted of and sentenced to possession of a controlled substance under R.C. §2925.11(a) and trafficking in that same controlled substance under R.C. §2925.03(a)(2).

(Doc. 11, RX 40.)  The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Jan. 27, 2010.  (Doc. 11, RX 42; State v. Askew, 124 Ohio St.3d 1445, 920 N.E.2d 375

4

(2010).) Askew filed a motion for reconsideration, and a motion for leave to submit additional evidence, both of which the court denied. (Doc. 11, RX 45; State v. Askew, 124 Ohio St.3d 1523, 923 N.E.2d 623 (2010).)

### B. Motion to Correct Sentencing Entry

Askew also filed a pro se motion to correct the sentencing journal entry, which he argued failed to properly memorialize the manner of conviction, that is, "the entry does not make a finding of guilt on the no contest plea." (Doc. 11, RX 46, at 1.) The state argued that Askew was relying on inapplicable law, but conceded that the 2004 judgment entry "does not reflect the finding of the trial court at the sentencing hearing that Askew was found guilty of the crimes charged," and also noted that the notification of post-release control was defective. Thus, the state requested that Askew be granted a new sentencing hearing.[1] (Doc. 11, RX 48, at 5.) The court granted a new sentencing hearing. (Doc. 11, RX 49.)

Askew filed a pre-sentencing memorandum, and the state filed a response. (Doc. 11, RX 50-51.) At the re-sentencing hearing, the court heard arguments on Askew's oral motion[2] to withdraw his plea, and that motion was denied. (Doc. 11,

---

[1] The state pointed out that the notification of post-release control in the sentencing entry did not comply with Ohio law under State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958 (2009). (Doc. 11, RX 48, at 5.)

[2] The court of appeals subsequently found that the trial court was without jurisdiction to vacate his plea, because his conviction had been affirmed. (Doc. 11, RX 58, at 3; State v. Askew, No. 2010CA00069, 2011 WL 578762, at *1 (Ohio Ct. App. Feb. 14, 2011).)

RX 53, 73.) Askew was re-sentenced to an aggregate term of imprisonment of

fifteen years. (Doc. 11, RX 52, 73.)

      Askew filed a notice of appeal from his re-sentencing, and presented the

following assignments of error, through counsel:

> 1. The trial court abused its discretion when it denied appellant's motion to withdraw his plea.
>
> 2. The trial court erred by accepting the appellant's guilty plea without advising him of the correct term of post-release control.
>
> 3. The trial court err[ed] by denying the appellant's motion to suppress.
>
> 4. The trial court erred in not finding the charges of possession [of] cocaine to be allied offenses with the related charges of trafficking in cocaine and merge [sic] these counts for sentencing.

(Doc. 11, RX 55.) Askew, pro se, filed a supplemental brief presenting additional

assignments of error:

> 5. Askew is entitled to a de novo appeal of all issues presented in the instant appeal.
>
> 6. The trial court erred to the prejudice of Askew when it failed to properly inform him of the maximum penalty involved under Crim.R. 11(C)(2)(a), prior to accepting his guilty pleas.
>
> 7. The trial court was divest[ed] of jurisdiction to impose any sentence in light of the unreasonable and inexcusable approximate 6 year delay between Askew's conviction and the de novo sentencing hearing.
>
> 8. Oregon v. Ice abrogated State v. Foster, thereby reviving Ohio's presumptive minimum and consecutive sentencing statutes and the Ohio legislature did not repeal those statutes after subsequent amendments.

(Doc. 11, DX 56.)

The court of appeals overruled the first four assignments of error, and affirmed the judgment of the trial court.  (Doc. 11, RX 58; State v. Askew, No. 2010CA00069, 2011 WL 578762 (Ohio Ct. App. Feb. 14, 2011).)  As to the first assignment of error, the court of appeals noted that the trial court was without jurisdiction to vacate his plea after his conviction had been affirmed.  (Doc. 11, RX 58, at 3; Askew, 2011 WL 578762, at *1, citing State ex rel. Special Prosecutors v. Judges, Belmont County Ct. of Comm. Pl., 55 Ohio St.2d 94 (1978).)

The other three assignments of error were considered together.  The court ruled that the judgment entry under review was in accordance with the proper procedure under state law.  The court also noted that Askew's resentencing did not allow him to challenge anew his conviction, because such challenges were barred under res judicata.  (Doc. 11, RX 58, at 4; Askew, 2011 WL 578762, at *1-*2.)

The pro se supplemental brief was not recognized because Askew had counsel, and had failed to move for leave of court to file the pro se brief.  (Doc. 11, RX 58, at 2 n.2; Askew, 2011 WL 578762, at *1 n.2.)

Askew filed a motion for reconsideration, which was denied.  (Doc. 11, RX 59-60.)  Askew next filed a motion to reopen his direct appeal, pursuant to Rule 26(B). (Doc. 11, RX 61.)  The motion was denied:  "Appellant's application is essentially an untimely application for reconsideration and raises no new issues that were not considered in our previous Opinion."  (Doc. 11, RX 63.)

7

Askew appealed the denial of his motion for reconsideration to the Supreme Court of Ohio, presenting the following propositions of law:

> 1. When an appellate court makes an erroneous procedural determination that forecloses merit review of the issues raised, appellant is denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.
>
> 2. When appellate counsel fails to raise the most significant and obvious issues on direct appeal, appellant is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> 3. When appellant counsel failed to address the trial court's failure to properly inform appellant of the maximum penalty of the offense(s) prior to accepting his plea of no contest, as required under Criminal Rule 11(C)(2)(a), the appellant is denied the effective assistance of counsel and due process of law as guaranteed by the Sixth and Fourteenth Amendment[s] to the United States Constitution.

(Doc. 11, RX 65.)  The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Aug. 24, 2011.  (Doc. 11, RX 67; State v. Askew, 129 Ohio St.3d 1451, 951 N.E.2d 1047 (2011).)

Askew also appealed the denial of his application to reopen his appeal, presenting the following proposition of law:  "When appellate counsel fails to utilize procedural facts that would allow appellate review of reversible error, and that failure foreclosed review of the error in question, appellant is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. 11, RX 69.)  On Sept. 21, 2011, the state

8

high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 11, RX 71; State v. Askew, 129 Ohio St.3d 1478, 953 N.E.2d 843 (2011).)

On Jan. 19, 2012, the current petition for habeas corpus was filed.  (Doc. 1.)

## II.  SECOND OR SUCCESSIVE PETITION

The respondent argues that the present petition constitutes a second or successive petition, and that the court lacks jurisdiction because Askew has not obtained authorization to file such a petition from the Sixth Circuit.  (Doc. 11, at 28.)

The habeas statute has several provisions relevant to this issue.  28 U.S.C.A. § 2244(b).  However, Section 2244's "gatekeeping provisions" apply only to a "second or successive petition" within the meaning of the statute.  James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002).

The Supreme Court has recognized that the:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications.  If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  § 2244(b)(1).  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions.  One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  § 2244(b)(2)(B).  The other is for certain claims relying on new rules of constitutional law.  § 2244(b)(2)(A).

9

Tyler v. Cain, 533 U.S. 656, 661-662 (2001). More specifically, Section 2244(b)(2)(B) provides that a successive petition may be permitted:

> . . . if the petitioner can demonstrate that the "factual predicate for the claim could not have been previously discovered through the exercise of due diligence" and that, "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

In re Marsch, No. 05-6340, 2006 WL 3780362, at *2 (6th Cir. Dec. 20, 2006) (quoting 28 U.S.C. § 2244(b)(2)(B)(i)-(ii)).

The first issue, then, is whether Askew's current petition should be considered a "second or successive petition." The phrase is not defined in the statute, and courts have rejected a literal reading. James, 308 F.3d at 167. Not every subsequent petition for habeas corpus is considered a "second or successive petition" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006) (citing Slack v. McDaniel, 529 U.S. 473, 487 (2000), and other cases); James, 308 F.3d at 167 (citing cases).

In order to file a "second or successive" habeas petition, the prisoner must first move for an order from the relevant U.S. Court of Appeals authorizing the district court to consider the application. Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010); Tyler, 533 U.S. at 660 n.2 (citing 28 U.S.C. § 2244(b)(3)(A)); Cress v. Palmer, 484 F.3d 844, 852 (6th Cir. 2007); In re Siggers, 484 F.3d 844, 335 (6th Cir. 1997).

The Sixth Circuit had previously found that, if a petition filed in this court is considered a "second" petition, the district court should transfer the petition to the Sixth Circuit Court of Appeals for its consideration. In re Sims, 111 F.3d 45, 46-47 (6th Cir. 1997) (per curiam); Marsch, 2006 WL 3780362, at *1. The movant would then have to satisfy the requirements of 28 U.S.C. § 2244(b)(1) and (2) before proceeding further. Siggers, 132 F.3d at 337-339.

In Magwood v. Patterson, however, the Supreme Court stated that, "if [the petitioner's] application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals." Magwood, 130 S.Ct. at 2796 (emphasis added); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (vacating judgment of court of appeals, and directing district court "to dismiss the habeas petition for lack of jurisdiction"). The Magwood Court also noted that, if the application is not "second or successive," it is not subject to Section 2244(b) at all, and the petitioner's claim would be reviewable (absent procedural default). Magwood, 130 S.Ct. at 2796.

Because the phrase "second or successive petition" is not statutorily defined in the AEDPA, courts have resorted to the "abuse of writ" doctrine. James, 308 F.3d at 167 (citing cases); see also Bowen, 436 F.3d at 704. Under the "abuse of writ" doctrine, a habeas petition is a "second" petition "when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." Bowen, 436 F.3d at 704 (citing

11

McCleskey v. Zant, 499 U.S. 467, 489 (1991)); Garner v. Gansheimer, No. 1:09CV0874, 2013 WL 271760, at *2 (N.D. Ohio Jan. 24, 2013) (quoting Bowen); see also Cress, 484 F.3d at 852 (unavailability of factual basis establishes cause for failure to raise claim); Siggers, 132 F.3d at 338.

The Magwood decision concerned a challenge to a new judgment of sentencing, and found the petition was not "second or successive" under § 2244(b). Magwood, 130 S.Ct. at 2803. In Magwood, in response to the first petition, the district court vacated the petitioner's death sentence based on the trial court's failure to find statutory mitigating circumstances relating to his mental state. Magwood, 130 S.Ct. at 2793. Upon resentencing, the trial court again imposed the death penalty. Id. In his second habeas petition, Magwood argued that his sentence was unconstitutional because he did not receive fair warning that his offense could be punished by death (and also that he received ineffective assistance of counsel at his resentencing). Magwood, 130 S.Ct. at 2794. The Supreme Court found that, where there is a new judgment of sentencing intervening between two habeas petitions, "an application challenging the resulting new judgment is not 'second or successive' at all." Magwood, 130 S.Ct. at 2802.

Federal courts have found that a subsequent habeas petition is not a "second or successive" petition where it raises a claim that originates at resentencing, and which could not have been addressed in the earlier petition. Lang v. United States, 474 F.3d 348, 351-353 (6th Cir.), cert. denied, 552 U.S. 1083 (2007) (citing cases);

12

James, 308 F.3d at 168 (citing cases). Claims that could not have been raised in a prisoner's earlier habeas petition do not implicate the gatekeeping requirements of Section 2244. James, 308 F.3d at 168 (citing cases). In Magwood, although the "fair notice" argument could have been raised as to his original sentencing, the Supreme Court found that the alleged errors in his new judgment of sentencing should be considered "new" errors. Magwood, 130 S.Ct. at 2801.

> However, the Court noted the following:
>
> The State objects that our reading of § 2244(b) would allow a petitioner who obtains a conditional writ as to his sentence to file a subsequent application challenging not only his resulting, new sentence, but also his original, undisturbed conviction. The State believes this result follows because a sentence and conviction form a single "judgment" for purposes of habeas review. This case gives us no occasion to address that question, because Magwood has not attempted to challenge his underlying conviction.

Magwood, 130 S.Ct. at 2802. See, e.g., Walker v. Roth, 133 F.3d 454, 455 n.1 (7th Cir. 1997) (despite resentencing, challenge to conviction would be "successive").

In Hines v. Coleman, this court had denied the petitioner's first petition on several grounds. Hines v. Coleman, No. 3:12CV1722, 2012 WL 5383505, at *3 (N.D. Ohio Nov. 2, 2012). Six months later, the petitioner returned to state court and filed motions to vacate sentence, and to resentence to a lesser degree. Id. The state court held a hearing, which determined that Hines had been properly notified that he was subject to post-release control, but found the wording ("up to") deficient. The court also determined that the petitioner's motion for sentence to a lesser degree was barred by res judicata. Id. The court found a de novo hearing on sentencing

13

was not required, re-sentenced Hines, and issued a nunc pro tunc entry to correct the earlier judgment entry of sentencing. Id. at *4.

Hines appealed the determination that his motion for sentence to a lesser degree was barred by res judicata. Hines, 2012 WL 5383505, at *4. The state court of appeals found that the only matter properly before the trial court was the correction of the judgment entry of sentencing, and that all other matters relating to his conviction and sentence were barred by res judicata. Id.

Hines returned to this court with another petition for writ of habeas corpus based on a single ground, challenging the propriety of his conviction "as the verdict form did not comply with statutory requirements" under state law. Hines, 2012 WL 5383505, at *4. The district court found that the sole ground for relief expressly related to alleged deficiencies in the jury-verdict forms, therefore:

> . . . this issue clearly could have (and should have) been raised prior to his December 2010 re-sentencing. As such, Hines's First Ground for Relief is not a claim "whose predicates arose after the filing of the original petition" or which otherwise could not have been addressed in his first federal habeas petition. See In re Jones, 652 F.3d at 605; Lang, 474 F.3d at 351–53. Moreover, even if the December 2010 re-sentencing constituted an "intervening judgment" under Magwood, Hines's First Ground for Relief in the instant Petition did not "originate at" that December 2010 re-sentencing. See Magwood, 130 S.Ct. at 2802; Lang, 474 F.3d at 351–53.

Hines, 2012 WL 5383505, at *6. Thus, the court found the petition to be a "second or successive" petition under 28 U.S.C.A. § 2244. Id.

In Suggs v. United States, the Seventh Circuit found that a petitioner's Sect. 2255 motion was barred as a "second or successive" motion where the motion

14

challenged the underlying conviction, not his resentencing. Suggs v. United States, 705 F.3d 279 (6th Cir. 2013), cert. denied, 133 S.Ct. 2339 (2013). The court noted that a later motion challenging the resentencing would not be considered "second or successive." Suggs, 705 F.3d at 282. The court pointed out that the Supreme Court in Magwood "expressly declined to extend its holding to the facts before us here." Suggs, 705 F.3d at 282-283.

The Seventh Circuit recognized that other courts[3] had extended Magwood's holding to other circumstances, but reasoned that the "broader readings of Magwood have the odd effect of interpreting AEDPA to relax limits on successive claims beyond the pre-AEDPA standards." Suggs, 705 F.3d at 285. The Seventh Circuit explained:

> Under the pre-AEDPA doctrine of abuse of the writ, a prisoner in Suggs' position could have brought a challenge to his original conviction only if he could show either cause and prejudice or a fundamental miscarriage of justice. In McCleskey v. Zant, the Court laid out the standards that applied then for successive petitions: if the government objected to a prisoner's petition as an abuse of the writ, the failure to raise the claim earlier would be excused only if the petitioner could show either that he had cause for failing to raise it and suffered prejudice therefrom, or that to deny the petition would be a fundamental miscarriage of justice. 499 U.S. 467, 493–95, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Under the [broader] reading of Magwood, however, any prisoner who has successfully challenged his sentence can bring a new collateral challenge to his original conviction without making any showing of cause, prejudice, or a fundamental miscarriage of justice. This seems to us an unlikely result, given that

---

[3] See, e.g., Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir. 2010) (recognizing that Magwood did not so hold, but finding "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.").

> AEDPA's text imposed new and tighter limits on successive petitions and that AEDPA was intended more broadly "to further the principles of comity, finality, and federalism." Duncan v. Walker, 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), quoting Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Suggs, 705 F.3d at 285.

Because the Sect. 2255 motion in Suggs challenged his underlying conviction, not his resentencing, the court found the motion successive, and affirmed the district court's dismissal for lack of jurisdiction. Suggs, 705 F.3d at 285.

The court finds Hines and Suggs to be persuasive.

### A.  Askew's Current Petition

Askew filed his first petition for a writ of habeas corpus on Oct. 16, 2006. (Doc. 11, RX 25.) That petition was based on two grounds, as mentioned above, a Fourth Amendment claim involving an alleged illegal search of his cell phone, and the alleged invalidity of his prison term, which both differ from the grounds asserted in the present petition. Thus, the court finds that Askew is not asserting a claim that he has already presented in his previous habeas petition, and analysis under Section 2244(b)(1) is not apt.

Askew asserts that the current petition should be considered to challenge the "intervening judgment," that is, his re-sentencing between the first petition and this current petition. (Doc. 12, at 4.) The respondent argues that all three of Askew's

16

claims in the present petition are challenges to his conviction, and not to his re-sentencing judgment.  (Doc. 11, at 27-28.)

Under State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958 (2009), the sentence of a defendant who did not receive proper notice of post-release control becomes void, and the defendant is entitled to resentencing that includes proper notice.  Askew was re-sentenced in accordance with Singleton.  See generally doc. 11, RX 58; Askew, 2011 WL 578762, at *1.  However, "the Ohio Supreme Court recently clarified that a failure to provide the required notice results only in invalidation of the improperly imposed term of post-release control, not the entire sentence (much less the underlying conviction)."  United States v. Coleman, 655 F.3d 480, 485 (6th Cir. 2011) (citing State v. Fischer, 128 Ohio St.3d 92, 942 N.E.2d 332 (2010)).

### 1.  Due Process Claim

The first ground of the petition claims that Askew was denied due process when he was "denied merit review of claimed constitutional error, on the basis of an erroneous procedural determination."  (Doc. 1, § 12.)  In the petition, Askew states that:  "This issue concerns a procedural determination created on direct appeal, and raised to the Ohio Supreme Court at the first opportunity."  (Doc. 1, § 12(c), at p. 5.)

The "procedural determination" being challenged by Askew is apparently the Ohio Court of Appeals' denial of his 2010 appeal.  (Doc. 1, at p. [18]; see also doc. 11, RX 55, 58.)  Askew argues that the appellate court "erroneously concluded that the

17

trial court was without jurisdiction to vacate Askew's plea after the Appellate Court has affirmed his conviction on direct appeal." (Doc. 1, at pp. [18-19].)

The state court of appeals relied on Ohio law in its ruling, citing State ex rel. Special Prosecutors v. Judges, Court of Common Pleas, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978) (per curiam) (trial court does not have jurisdiction to rule on motion to withdraw plea after conviction has been affirmed by appellate court); and State v. Ketterer, 126 Ohio St.3d 448, 460, 935 N.E.2d 9, 22 (2010) (after high court affirmed conviction, appeals court had no authority to consider motion to withdraw plea). (Doc. 11, RX 58, at 3; Askew, 2011 WL 578762, at *1.)

Askew's conviction was affirmed by the Ohio Court of Appeals in 2005. (Doc. 11, RX 10; State v. Askew, No. 2004CA00275, 2005 WL 1491503 (Ohio Ct. App. June 20, 2005).) The trial court's subsequent denial of his motion to withdraw plea (doc. 11, RX 30, 31) was upheld on appeal in 2009. (Doc. 11, RX 36; Askew, 2009 WL 3184132.) In the appeal subsequent to his resentencing, the court of appeals ruled that the trial court was without jurisdiction to vacate his plea after his conviction had been affirmed. (Doc. 11, RX 58, at 3; Askew, 2011 WL 578762, at *1.)

The argument put forward by Askew concerning whether the state court made a proper procedural determination of his renewed motion to withdraw plea, and the subsequent appeal, is ultimately a challenge to the validity of his

underlying conviction, and not a challenge to his re-sentencing. See, e.g., Coleman, 655 F.3d at 485 (citing Fischer, 128 Ohio St.3d 92, 942 N.E.2d 332).

In addition, the appeal at issue also raised three other assignments of error, which were overruled on the basis of res judicata. The court of appeals stated: "This court has repeatedly held such resentencings do not allow a defendant to challenge anew his conviction(s) as such is barred under the principles of law of the case and/or res judicata." (Doc. 11, RX 58, at 4; Askew, 2011 WL 578762, at *2.)

### 2. Ineffective Assistance of Appellate Counsel

The other two grounds of the petition are based on ineffective assistance of appellate counsel, (1) for failing to raise trial counsel's alleged failure during the suppression hearing, and (2) for failing to raise trial counsel's alleged failure to inform Askew of the maximum sentence, prior to his plea. (Doc. 1, at pp. [20-28].) Again, these arguments attack the validity of his underlying conviction, and are not a challenge to his re-sentencing.

### III. SUMMARY

The court should find that Askew's petition is a "second or successive" petition under 28 U.S.C.A. § 2244, because the grounds of his petition challenge the underlying conviction, not his resentencing. Suggs, 705 F.3d at 285; Hines, 2012 WL 5383505, at *6; see also Walker v. Roth, 133 F.3d at 455 n.1. Because Askew failed to obtain authorization from the Sixth Circuit to file his petition, it should be

dismissed. Magwood, 130 S.Ct. at 2796 (citing 28 U.S.C. § 2244(b)(3)(A)); Burton, 549 U.S. at 157; Kirk v. Phelps, 596 F.Supp.2d 835, 840 (D. Del. 2009).

## IV. RECOMMENDATION

The petition for a writ of habeas corpus should be dismissed, as discussed above.

Dated:  Aug. 9, 2013          /s/ Kenneth S. McHargh
                                         Kenneth S. McHargh
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).