**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Sero Duvall Askew, | ) | CASE NO. 5:12 CV 131 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Margaret Bradshaw, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge McHargh (Doc. 13) which recommends dismissal of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or

1

recommendation."

**Discussion**

After a very thorough discussion, the Magistrate Judge determined that the Petition is a second or successive petition because the grounds therein challenge the underlying conviction and not petitioner's re-sentencing.  In other words, the Petition does not raise claims originating at re-sentencing and which could not have been addressed in the earlier petition. Because petitioner failed to obtain authorization from the Sixth Circuit to file a second petition, the Magistrate Judge recommended that the Petition be dismissed.  Petitioner filed objections.

Petitioner maintains that his three grounds do challenge the re-sentencing. This Court disagrees. The first claim involves a challenge to the appellate court's decision following petitioner's re-sentencing wherein that court found the trial court was without jurisdiction to vacate petitioner's plea after his sentence was affirmed.  The Court agrees with the Magistrate Judge that this ultimately challenges the validity of the underlying conviction and not the re-sentence.  The remaining two claims are based on ineffective assistance of appellate counsel which also attack the underlying conviction in that they assert ineffectiveness in failing to raise trial counsel's failures related to the original conviction and sentence.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is dismissed.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed.  Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

      IT IS SO ORDERED.

                                /s/ Patricia A. Gaughan
                              PATRICIA A. GAUGHAN
                              United States District Judge

Dated: 9/18/13