**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SERO DUVALL ASKEW, | ) | CASE NO.   5:12-cv-00131 |
|     Petitioner, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
|     v. | ) | |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| MARGARET BRADSHAW, Warden, | ) | |
| | ) | |
|     Respondent. | ) | **Report and Recommendation** |
| | ) | |

Petitioner, Sero Duvall Askew (hereinafter "Petitioner" or "Askew"), challenges the constitutionality of his conviction in the case of *State v. Askew*, Stark County Court of Common Pleas Case No. 2004-CR-0449.   Petitioner, *pro se*, filed his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 19, 2012.[1] (R. 1).   On September 11, 2012, Warden Margaret Bradshaw ("Respondent") filed her Return of Writ. (R. 11).   Petitioner filed a traverse on October 2, 2012. (R. 12).

On August 9, 2013, Magistrate Judge Kenneth S. McHargh issued a Report and Recommendation recommending that the petition be dismissed as a "second or successive

---

[1] Petitioner states that he placed the instant petition in the prison mailing system on January 12, 2012. (R. 1, PageID# 12).

petition" under 28 U.S.C. § 2244, as Petitioner's grounds for relief did not challenge his resentencing but rather the underlying conviction which was subject of a previous habeas petition. (R. 13, PageID# 1465-1466).   On August 23, 2013, Petitioner filed an objection to the Report and Recommendation. (R. 15).   On September 18, 2013, the Report and Recommendation was adopted. (R. 17).

On October 3, 2013, Petitioner filed a Notice of Appeal with the Sixth Circuit Court of Appeals.[2] (R. 19).   On February 2, 2016, the Court of Appeals reversed and remanded, finding that Petitioner's resentencing, conducted pursuant to a new sentencing memorandum and a *de novo* resentencing hearing, created a "new judgment." (R. 22 & R. 25).   As a result, the Court of Appeals found Askew's instant petition was neither second nor successive, and the district court had jurisdiction to consider it. (*Id.*)

On February 17, 2016, Petitioner sought to amend/supplement his petition, while Respondent sought permission to file an Amended Answer/Return of Writ on March 3, 2016. (R. 23 & R. 27).   The motions were granted.   On March 22, 2016, Petitioner filed an "Amended/Supplemented Memorandum in Support of Instant Petition," and Respondent filed an Amended Answer/Return of Writ on May 17, 2016. (R. 28 & R. 29).   On June 30, 2016, Petitioner filed his Traverse, and Respondent filed a sur-reply on July 18, 2016. (R. 33 & R. 34).   Petitioner filed a reply to the sur-reply on October 6, 2016. (R. 38).

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.[3]

---

2   Petitioner was assigned counsel for purposes of his appeal. (R. 21).

3   Previously, this matter had been referred to Magistrate Judge Kenneth S. McHargh, and was subsequently referred to the undersigned magistrate judge upon the former's retirement.

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of

a state court, factual determinations made by state courts are presumed correct.  28 U.S.C. §

2254(e)(1); *see also Franklin v. Bradshaw,* 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual

findings are presumed correct unless rebutted by clear and convincing evidence.")   The Fifth

District Court of Appeals (hereinafter "state appellate court") summarized the facts underlying

Askew's conviction as follows:

> {¶ 2} On April 26, 2004, the Stark County Grand Jury indicted appellant on two
> counts of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(f); one
> count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2)(C)(4)(g), with a
> major drug offender specification; two counts of possession of cocaine, in violation
> of R.C. 2925.11(A)(C)(4)(e); and one count of possession of cocaine, in violation
> of R.C. 2925.11(A)(C)(4)(f), with a major drug offender specification.   Appellant
> entered a plea of not guilty to the indictment at his arraignment on April 30, 2004.
> During pre-trial proceedings, appellant filed a motion to suppress evidence and
> motion to suppress statements.   The trial court conducted a hearing on the motions
> on June 4, 2004, and June, 11, 2004.
>
> {¶ 3} Special Agent Harry Tideswell of the U.S. Department of Justice Drug
> Enforcement Agency ("DEA") testified the DEA had received information
> appellant was a large-scale drug distributor and was residing in North Canton,
> Ohio.   The DEA also had information the Las Vegas, Nevada DEA had seized
> $70,000 from appellant, which he had accumulated through illegal activities, in
> January, 2004.   Based upon this information, local law enforcement agencies, the
> DEA, and the FBI began investigating appellant in March, 2004.   The DEA further
> knew appellant was driving a rental vehicle with out of state license plates as well
> as a burgundy suburban with Minnesota license plates.
>
> {¶ 4} On March 9, 2004, Agent Tideswell learned a confidential informant had set
> up a drug transaction with appellant during which appellant would supply the
> confidential informant with 4 ½ oz. of crack cocaine.   Law enforcement officials
> were provided with information relative to the location of the transaction, the route
> appellant would travel, and the type of vehicle appellant would be driving.   Agent
> Tideswell and other officers set up surveillance in the area and planned a traffic
> stop of appellant.
>
> {¶ 5} Darrell Pierson of the Canton Police Department was on routine patrol in a
> marked police cruiser when undercover agents advised him they needed a marked

3

car in the area of the 1300 block of East Tuscarawas Street in the City of Canton. The undercover agent instructed Pierson to be on the lookout for a maroon, 4–door vehicle with Nevada license plates. Shortly thereafter, Pierson observed the vehicle and proceeded to follow it.   The officer paced the vehicle and estimated its speed at 52 mph in a 35 mph zone.   Pierson contacted the agents and effectuated a traffic stop.

{¶ 6} Upon approaching the vehicle, Officer Pierson asked appellant for his driver's license and registration. Appellant began moving around inside the vehicle in an attempt to reach something, which later turned out to be his cell phone.   For officer safety, Officer Pierson instructed appellant to exit the vehicle.   Appellant refused to comply. Det. Bryan Allen with the FBI taskforce arrived as backup and the two officers physically removed appellant from the vehicle.   Appellant became combative and the officers took him to the ground.   Officer Pierson handcuffed appellant and conducted a pat-down search.   During the pat-down search, the officer felt a large lump in appellant's right front pocket, which was subsequently determined to be 4 ½ oz of crack cocaine.

{¶ 7} Appellant was transported to the Stark County FBI office, where he was advised of his Miranda rights.   Other than providing officers with "pedigree information," *i.e.,* name, date of birth, prior arrests, appellant refused to talk to the agents. As a result of his refusal to cooperate with the agents, appellant was taken to the Stark County Jail.

{¶ 8} Later that evening, agents proceeded to a residence located at 1207 Strawberry Court in North Canton, Ohio.   Tomeca Neal, appellant's girlfriend, leased the residence, which she shared with appellant and their daughter.   The agents observed a burgundy suburban with Minnesota license plates parked in the driveway.   Appellant had previously told the agents he no longer had the vehicle.

{¶ 9} Agent Tideswell and two other officers knocked on the door of the residence. Agent Tideswell explained to Neal he and the other two agents wanted to search the residence.   Neal allowed the agents to enter the residence and inquired as to the perimeters of the search.   The agents informed her they were looking for drugs, weapons, and large sums of money which they believed belonged to appellant.

{¶ 10} Agent Tideswell entered the kitchen, sat down and began to fill out the consent to search forms.   While in the kitchen, he noticed a digital scale and a large amount of cash in plain view.   Neal subsequently signed the consent forms which permitted the agents to search the residence as well as the suburban parked in the driveway.   Neal advised Agent Tideswell the digital scale and the cash belonged to appellant.   During the search, the agents discovered a large amount of powder and crack cocaine.

{¶ 11} The following day, March 10, 2004, Agents Tideswell, James Monigold of

4

the Stark County Metro Narcotics Unit, and Mark McMurty of the FBI spoke with appellant at the Stark County Jail.   They informed appellant they had searched appellant's residence and found a large amount of cocaine and money.   Appellant signed a waiver of rights form and agreed to give a statement.

{¶ 12} Based upon the evidence presented at the suppression hearings, the trial court found appellant's waiver of his rights was knowingly, voluntarily and thoughtfully given, and the agents did not unlawfully obtain the waiver from him. The trial court memorialized its decision via Judgment Entry filed June 28, 2004.

{¶ 13} Thereafter, on August 4, 2004, appellant appeared before the trial court and entered a plea of no contest to the indictment.   The trial court found appellant guilty of all the charges contained in the indictment and proceeded to sentencing. The trial court imposed an aggregate term of imprisonment of fifteen years, suspended appellant's driver's license for five years, and fined him $10,000.

*State v. Askew*, 2005-Ohio-3194 at ¶¶2-13, 2005 WL 1491503 (Ohio Ct. App. June 20, 2005).

## II.   Procedural History

The original state procedural history of this matter occurring after Petitioner's above discussed plea was thoroughly set forth in the Report and Recommendation addressing Askew's first habeas petition filed in 2006, as well as in the Report and Recommendation that was issued earlier in the instant case:

### [A. Direct Appeal]

Askew, represented by different counsel than in the trial court, filed a timely appeal to the Fifth District Court of Appeals, Stark County, Ohio. (Doc. 8, RX 6.) Askew raised the following assignments of error:

1.   The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Sero Askew's home which was the product of an illegal search of telephone numbers contained in his cell phones [sic] memory as the search was a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.

2.   The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Sero Askew as the search was the product of an illegal stop of his vehicle which was not a traffic stop, but rather a

warrantless arrest for which probable cause was lacking[,] a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.

3.  The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Askew as the search was the product of him being removed from his vehicle by force, which was a warrantless arrest for which probable cause was lacking a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.

4.  The trial court erred when it failed to suppress the evidence found in a search of the appellant Mr. Sero Askew's home as the search was conducted without a warrant and no voluntary consent for the search was given, which is a violation of Mr. Askew's right to privacy guaranteed under the Fourth Amendment to the United States Constitution and Article I Section 14 of the Ohio State Constitution.

5.  The trial court erred when it failed to suppress statements made by Mr. Askew as they were not freely and voluntarily given, which is a violation of Mr. Askew's right to silence guaranteed under the Fifth Amendment of the United States Constitution and the Ohio State Constitution.

(Doc. 8, RX 7.)

On June 20, 2005, the appellate court overruled Askew's five assignments of error and affirmed the judgment of the trial court. (Doc. 8, RX 10; Askew, No. 2004CA03083363.)   The court found Askew failed to raise his first and third assignment of error in his motion to suppress, and thus waived those issues on appeal. *Id*. at ¶16, 26.   With respect to Askew's second assignment of error, the court found that Officer Pierson's stop of Askew's vehicle was effectuated due to a speeding violation and therefore, it was constitutionally valid. *Id*. at ¶23.   With respect to Askew's fourth assignment of error, the court found Askew did not have standing to challenge the search of the Strawberry Court residence. *Id*. at ¶29.   The court also determined the trial court's finding that Ms. Neal's consent was voluntary was not against the manifest weight of the evidence. *Id*. at ¶33. Similarly, with respect to Askew's fifth assignment of error, the court determined the trial court's finding that Askew's waiver was voluntary was not against the manifest weight of the evidence. *Id*. at ¶36-37.

On August 4, 2005, represented by different counsel, Askew filed a timely appeal to the Ohio Supreme Court (Doc. 8, RX 11.)   In his memorandum in support of jurisdiction, Askew set forth two propositions of law:

6

1. Appellant had standing to challenge the search where the evidence was clear that the accused lived at the address and any consent given by the appellant's live-in girlfriend was involuntary where it was obtained after officers had walked through the home.

2. Issues raised during the oral hearing were not waived because they were not included in a written motion to suppress.

(Doc. 8, RX 12.)   On October 26, 2005, the Ohio Supreme Court declined jurisdiction to hear the case. (Doc. 8, RX 14; *State v. Askew*, 106 Ohio St. 3d 1559 (Ohio 2005).)

## [B. Application to Reopen Appeal]

While Askew's appeal to the Ohio Supreme Court was pending, Askew, represented by his Ohio Supreme Court appellate counsel, filed a motion to reopen his direct appeal based upon ineffective assistance of appellate counsel for failing to raise the issue of trial counsel's ineffective assistance. (Doc. 8, RX 15.)   Askew claimed trial counsel was ineffective because he did not raise the issue of the search of Askew's cell phone in his motion to suppress. *Id*.   On November 1, 2005, the court overruled the motion to reopen the appeal and suggested Askew's possible recourse was to file a petition for post-conviction relief demonstrating whether the police obtained information from his cell phone "call history" or from his cell phone "phone book." (Doc. 8, RX 17.)   Askew did not appeal the court's decision.

## [C. Post-Conviction Petition]

On November 18, 2005, Askew filed an untimely post-conviction petition while still represented by his Ohio Supreme Court appellate counsel. (Doc. 8, RX 18.) Askew claimed he satisfied the R.C. § 2953.23 exception to the timely filing requirement because he was unavoidably prevented from discovering the facts by which to timely present his post-conviction petition due to the ineffectiveness of his prior counsel. *Id*. at 4.   Askew also claimed that but for the fact that trial counsel failed to object and move to suppress the search of Askew's cell phone, the police would not have discovered the contraband for which he was charged, and without this evidence, no reasonable fact-finder could have found him guilty on those charges. *Id*.   On December 8, 2005, the State filed a response and motion for summary judgment arguing that the petition was untimely. (Doc. 8, RX 19.)   On January 20, 2006, the court granted the State's motion for summary judgment and denied the petition as untimely. (Doc. 8, RX 20.)   The court determined that Askew was not "unavoidably" prevented from discovering the alleged ineffectiveness of his trial counsel. *Id*. at 6.   And, "[e]ven if the Court were to find that Askew was 'unavoidably' prevented from discovering the alleged ineffectiveness of his [trial counsel]," Askew failed to show a constitutional error

occurred as a result of trial counsel's ineffectiveness.[4]  *Id.*

On February 8, 2006, represented by the same counsel, Askew filed a timely notice of appeal from the denial of his post-conviction petition to the Fifth District Court of Appeals, Stark County, Ohio. (Doc. 8, RX 21.)   In his brief, Askew raised the following assignments of error:

1.  The trial court erred in granting appellee summary judgment when there were genuinely disputed issues of material fact requiring an evidentiary hearing.

2.  The trial court erred when it ruled that the appellant's delayed postconviction petition did not meet the statutory criteria of R.C. 2953.23.

(Doc. 8, RX 22, at 4.)   On August 28, 2006, the appellate court affirmed the judgment of the trial court that Askew's post-conviction petition was untimely and did not satisfy the exception of R.C. § 2953.23. (Doc. 8, RX 24; *State v. Askew*, No. 2006CA00041, 2006 Ohio 4526, 2006 Ohio App. LEXIS 4454 (Ohio Ct. App. 2006).)   Askew did not appeal this decision to the Ohio Supreme Court.

*Askew v. Eberlin*, No. 5:06CV2484, 2008 WL 440445 at *7-9 (N.D. Ohio Feb. 13, 2008).

## [D. First Federal Habeas Petition]

This court dismissed Askew's 2006 habeas petition on the basis that the state provided a full and fair opportunity to raise his first (Fourth Amendment) claim, and that the second claim was not fairly presented to the state courts. (Doc. 11, RX 27; *Askew*, 2008 WL 440445).

## [E. Withdrawal of Plea and Resentencing]

After the federal habeas petition was denied in February 2008, Askew returned to the state courts.   On Aug. 1, 2008, Askew filed a motion for sentence modification, which was denied. (Doc. 11, RX 28-29.)   No appeal was taken of that decision.

### [1]. Motion to Withdraw Plea

On Nov. 26, 2008, Askew filed a motion to withdraw his guilty plea.   Askew argued that the minimum and maximum sentences had been misrepresented to him, and his plea was not knowingly, intelligently, and voluntarily made. (Doc. 11, RX

---

4 The state court further found that Petitioner's claim was barred by *res judicata* as it could have been raised on appeal. (R. 29-1, PageID# 1917, Exh. 20).

30.)   The trial court denied his motion, stating that under Ohio law, there is no right to withdraw a guilty plea, and finding that Askew had not shown a manifest injustice which support granting the motion. (Doc. 11, RX 31.)

Askew appealed that judgment to the court of appeals, setting forth the following three assignments of error:

> 1.  The trial court abused its discretion when it denied without a hearing Mr. Askew's Crim.R. 32.1 motion to withdraw pleas, thereby denying him due process and equal protection of the law in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Sections 2 and 16 of the Ohio Constitution.
>
> 2.  The trial court erred in violation of the Due Process and Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10, and 16 of the Ohio Constitution when it failed to inform Mr. Askew of the maximum penalty involved, by improperly informing him that he could be convicted and sentenced for both possession in [*sic*] cocaine under [Ohio Rev. Code] § 2925.11(A) and trafficking in cocaine under R.C. § 2925.03(A)(2), thereby effecting the knowing, intelligent, and voluntariness of his pleas.
>
> 3.  Mr. Askew was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendment[s] to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

(Doc. 11, RX 33.)   The court of appeals upheld the judgment of the trial court. (Doc. 11, RX 36; *State v. Askew*, No. 2009CA00020, 2009 WL 3184132 (Ohio Ct. App. Sept. 28, 2009).)   Askew's motion for reconsideration was denied.   (Doc. 11, RX 37-38.)

Askew appealed to the Supreme Court of Ohio, presenting the following propositions of law:

> 1. A trial court retains subject-matter jurisdiction to consider a motion to withdraw no contest plea and the doctrines of *res judicata* and law-of-the-case do not bar claims raised in that motion where the claims therein were not among the claims decided in the previous appeal that challenged the denial of a motion to suppress only.
>
> 2. Whether the defenses of *res judicata* and law of the-case are waived on appeal where the state failed to raise these affirmative defenses in a responsive pleading in opposition.
>
> 3. Whether enforcement of a plea is a violation of due process and equal

9

protection under the United States and Ohio Constitutions, where the alleged error rises to a level of manifest injustice and would achieve an unjust result when a defendant stands convicted of allied offenses of similar import as a result of the trial court's and counsel's failure to properly apprise him of the maximum-penalty component of Crim.R. 11(C)(2)(a).

4. Whether counsel renders ineffective assistance by failing to ensure a defendant is aware prior to entering a plea that he cannot be convicted of and sentenced to possession of a controlled substance under R.C. §2925.11(a) and trafficking in that same controlled substance under R.C. §2925.03(a)(2).

(Doc. 11, RX 40.)   The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Jan. 27, 2010. (Doc. 11, RX 42; *State v. Askew*, 124 Ohio St.3d 1445, 920 N.E.2d 375 (2010).)   Askew filed a motion for reconsideration, and a motion for leave to submit additional evidence, both of which the court denied. (Doc. 11, RX 45; *State v. Askew*, 124 Ohio St.3d 1523, 923 N.E.2d 623 (2010).)

[2]. Motion to Correct Sentencing Entry

Askew also filed a *pro se* motion to correct the sentencing journal entry, which he argued failed to properly memorialize the manner of conviction, that is, "the entry does not make a finding of guilt on the no contest plea." (Doc. 11, RX 46, at 1.) The state argued that Askew was relying on inapplicable law, but conceded that the 2004 judgment entry "does not reflect the finding of the trial court at the sentencing hearing that Askew was found guilty of the crimes charged," and also noted that the notification of post-release control was defective.   Thus, the state requested that Askew be granted a new sentencing hearing.[5] (Doc. 11, RX 48, at 5.)   The court granted a new sentencing hearing. (Doc. 11, RX 49.)

[3. March 2010 Resentencing]

Askew filed a pre-sentencing memorandum, and the state filed a response. (Doc. 11, RX 50-51.)   At the re-sentencing hearing, the court heard arguments on Askew's oral motion[6] to withdraw his plea, and that motion was denied. (Doc. 11, RX 53, 73.)   Askew was re-sentenced to an aggregate term of imprisonment of fifteen years. (Doc. 11, RX 52, 73.)

---

[5]   The state pointed out that the notification of post-release control in the sentencing entry did not comply with Ohio law under *State v. Singleton*, 124 Ohio St.3d 173, 920 N.E.2d 958 (2009). (Doc. 11, RX 48, at 5.)

[6]   The court of appeals subsequently found that the trial court was without jurisdiction to vacate his plea, because his conviction had been affirmed. (Doc. 11, RX 58, at 3; *State v. Askew*, No. 2010CA00069, 2011 WL 578762, at *1 (Ohio Ct. App. Feb. 14, 2011).)

[4. Appeal from Resentencing]

Askew filed a notice of appeal from his re-sentencing, and presented the following assignments of error, through counsel:

1.   The trial court abused its discretion when it denied appellant's motion to withdraw his plea.

2.   The trial court erred by accepting the appellant's guilty plea without advising him of the correct term of post-release control.

3.   The trial court err[ed] by denying the appellant's motion to suppress.

4.   The trial court erred in not finding the charges of possession [of] cocaine to be allied offenses with the related charges of trafficking in cocaine and merge [*sic*] these counts for sentencing.

(Doc. 11, RX 55.)   Askew, *pro se*, filed a supplemental brief presenting additional assignments of error:

5.   Askew is entitled to a *de novo* appeal of all issues presented in the instant appeal.

6.   The trial court erred to the prejudice of Askew when it failed to properly inform him of the maximum penalty involved under Crim.R. 11(C)(2)(a), prior to accepting his guilty pleas.

7.   The trial court was divest[ed] of jurisdiction to impose any sentence in light   of the unreasonable and inexcusable approximate 6 year delay between Askew's conviction and the de novo sentencing hearing.

8.   *Oregon v. Ice* abrogated *State v. Foster*, thereby reviving Ohio's presumptive minimum and consecutive sentencing statutes and the Ohio legislature did not repeal those statutes after subsequent amendments.

(Doc. 11, DX 56.)

The court of appeals overruled the first four assignments of error, and affirmed the judgment of the trial court. (Doc. 11, RX 58; *State v. Askew*, No. 2010CA00069, 2011 WL 578762 (Ohio Ct. App. Feb. 14, 2011).) As to the first assignment of error, the court of appeals noted that the trial court was without jurisdiction to vacate his plea after his conviction had been affirmed.   (Doc. 11, RX 58, at 3; *Askew, 2011 WL 578762*, at *1, citing *State ex rel. Special Prosecutors v. Judges, Belmont County Ct. of Comm. Pl.*, 55 Ohio St.2d 94 (1978).)

11

The other three assignments of error were considered together.   The court ruled
that the judgment entry under review was in accordance with the proper procedure
under state law.   The court also noted that Askew's resentencing did not allow him
to challenge anew his conviction, because such challenges were barred under *res
judicata*. (Doc. 11, RX 58, at 4; *Askew*, 2011 WL 578762, at *1-*2.)

The *pro se* supplemental brief was not recognized because Askew had counsel, and
had failed to move for leave of court to file the *pro se* brief. (Doc. 11, RX 58, at 2
n.2; *Askew*, 2011 WL 578762, at *1 n.2.)

Askew filed a motion for reconsideration, which was denied. (Doc. 11, RX 59-60.)
Askew next filed a motion to reopen his direct appeal, pursuant to Rule 26(B).
(Doc. 11, RX 61.)   The motion was denied: "Appellant's application is essentially
an untimely application for reconsideration and raises no new issues that were not
considered in our previous Opinion." (Doc. 11, RX 63.)

Askew appealed the denial of his motion for reconsideration to the Supreme Court
of Ohio, presenting the following propositions of law:

> 1. When an appellate court makes an erroneous procedural determination that
> forecloses merit review of the issues raised, appellant is denied due process
> of law as guaranteed by the Fourteenth Amendment to the United States
> Constitution and Article I, Section 16 of the Ohio Constitution.
>
> 2. When appellate counsel fails to raise the most significant and obvious
> issues on direct appeal, appellant is denied the effective assistance of counsel
> as guaranteed by the Sixth and Fourteenth Amendments to the United States
> Constitution.
>
> 3. When appellant counsel failed to address the trial court's failure to
> properly inform appellant of the maximum penalty of the offense(s) prior to
> accepting his plea of no contest, as required under Criminal Rule 11(C)(2)(a),
> the appellant is denied the effective assistance of counsel and due process of
> law as guaranteed by the Sixth and Fourteenth Amendment[s] to the United
> States Constitution.

(Doc. 11, RX 65.)   The Ohio Supreme Court denied leave to appeal, and dismissed
the appeal as not involving any substantial constitutional question, on Aug. 24,
2011.   (Doc. 11, RX 67; *State v. Askew*, 129 Ohio St.3d 1451, 951 N.E.2d 1047
(2011).)

Askew also appealed the denial of his application to reopen his appeal, presenting
the following proposition of law: "When appellate counsel fails to utilize
procedural facts that would allow appellate review of reversible error, and that
failure foreclosed review of the error in question, appellant is denied the effective

assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. 11, RX 69.)   On Sept. 21, 2011, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question. (Doc. 11, RX 71; *State v. Askew*, 129 Ohio St.3d 1478, 953 N.E.2d 843 (2011).)

(R. 13, PageID# 1448-1455).

### F. Renewed State Court Filings[7]

On September 30, 2014, Askew filed a "Motion to Vacate Judgment of Sentence " arguing his sentence was void and contrary to law. (R. 29-2, PageID# 2915-2926, Exh. 76).   Before the state court ruled on the motion, on December 3, 2014, Appellant filed his third motion to withdraw his no contest plea, arguing that he was denied the effective assistance of counsel at sentencing. (R. 29-2, PageID# 2927-2937, Exh. 77).   The State filed a response opposing both motions and requested that Askew be declared a vexatious litigator. (R. 29-2, PageID# 2938-2943, Exh. 78). On February 13, 2015, the state court denied Askew's motions finding his claims barred by the law of the case and/or *res judicata*, and, alternatively, lacking in merit. (R. 29-2, PageID# 2952-2954, Exh. 80).   Furthermore, the court also declared Askew a vexatious litigator. (*Id*.)

On March 2, 2015, Askew, *pro se*, filed a notice of appeal with the state appellate court and raised the following assignments of error:

1.  The trial court abuse[d] its discretion when it denied Appellant his Fourteenth Amendment due process protection by failing to correct its imposition of sentence which is contrary to law.

2.  The trial court abused its discretion when it denied Appellant's Crim.R. 32.1 motion to withdraw his no contest plea where trial counsel failed to object to a sentence based upon allied offenses of similar import in violation of state and federal double jeopardy prohibitions.

3.  The trial court imposed a void sentence when it based its fact-findings for a

---

[7] These state court filings post-date the August 9, 2013 Report and Recommendation.

non-minimum prison term pursuant to R.C. 2929.14(B), which was declared unconstitutional and severed by the Ohio Supreme Court.

4. The trial court abused its discretion when it labeled Appellant a vexatious litigator pursuant to O.R.C. § 2323.52 without filing a complaint.

(R. 29-2, PageID# 2955-2992, Exhs. 81 & 82.)   On September 30, 2015, the state appellate court affirmed in part and reversed in part the trial court's judgment. (R. 29-2, PageID# 3146-3152, Exh. 80).   It found that Askew's first through third assignments of error were barred by the doctrine of *res judicata*, and that Askew's sentence was not void as it was within the statutory range. (*Id.*) The appellate court sustained Askew's fourth assignment of error, finding Askew should not have been declared a vexatious litigator without the State first filing a separate complaint.[8] (*Id.*)

On March 23, 2016, Askew filed a notice of appeal as well as a motion for leave to file a delayed appeal with the Supreme Court of Ohio. (R. 29-2, PageID# 3169-3177, Exhs. 90 & 91). On May 18, 2016, the motion for delayed appeal was denied. (R. 30-1, PageID# 3231).

On March 23, 2016, Askew, *pro se*, filed a motion for judicial release. (R. 29-2, PageID# 3189-3194, Exh. 93).   On March 25, 2016, the state court overruled the motion. (R. 29-2, PageID# 3195, Exh. 94).

### G.   Currently Pending Federal Habeas Petition

On January 19, 2012, Askew filed a Petition for Writ of Habeas Corpus. (R. 1).   As stated *supra*, the District Court's initial determination that the petition was "second or successive" petition was overturned by the Sixth Circuit Court of Appeals.   In an "Amended/Supplemented Memorandum in Support" filed after the remand order, Askew sets forth his grounds for relief as follows:

---

[8] On October 13, 2015, Askew, *pro se*, filed a motion for reconsideration and a motion to certify a conflict, both of which were denied. (R. 29-2, PageID# 3154-3168, Exhs. 86-89).

GROUND ONE: When a petitioner is denied merit review of claimed constitutional error, on the basis of an erroneous procedural determination, petitioner is denied the effective assistance of counsel and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

GROUND TWO: When appellate counsel fails to raise the most obvious and significant issue on direct appeal, petitioner is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

GROUND THREE: When appellate counsel fails to address the trial court's failure to properly inform petitioner of the maximum sentence he faced prior to accepting his plea as required under Criminal Rule 11(C)(2)(a), petitioner is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

(R. 28, PageID# 1533-1542.)

## III.   Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2254. See *Lindh v. Murphy*, 521 U.S. 320, 326-27, 337, 117 S. Ct. 2059,

138 L. Ed. 2d 481 (1997). The relevant provisions of AEDPA state:

(d)(1) A 1-year period of limitation shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A. One-Year Limitation**

In the instant action, Respondent asserts that Askew's petition is time-barred because he did not file within the one-year limitations period. (R. 29, PageID# 1560-1567.)   Respondent contends that Askew's conviction became final on January 24, 2006 and began running on August 29, 2006 after a pending petition was decided. (*Id*. at PageID# 1560-1561).   Respondent contends that Askew's March 2010 resentencing had no impact on the date the statute of limitations commenced, because the petition does not challenge his resentencing but rather the underlying conviction and judgment. (*Id*. at PageID# 1561-1562).

At first glance, Respondent's argument appears rather dubious given the Sixth Circuit's decision reversing and remanding this matter.   However, Respondent's sur-reply cites a Sixth Circuit decision even more recent than the decision remanding this matter, which suggests that a determination as to whether a petition is second or successive has no bearing on the statute of limitations. (R. 34, PageID# 3258).   In *In re Stansell*, 828 F.3d 412, 418 (6th Cir. Jul. 1, 2016), the Sixth Circuit was confronted with the similar issue of whether a habeas petition was a second or successive petition where a petitioner was resentenced to impose a term of post-release control. The *In re Stansell* court noted that in the context of AEDPA's statute of limitations, the Sixth Circuit adopted a piecemeal claim-by-claim based approach in *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), wherein it found that a petitioner's judgment became final in 1997, but a 2004 amendment to his sentence reopened the limitations period for challenges *as to the amended*

*portion only*. (emphasis added).   While the *In re Stansell* decision declined to adopt the *Bachman* approach in the second or successive petition context and instead opted to treat a petition "as a whole," it strongly emphasized that "[n]one of this should be taken to call *Bachman* into doubt. All that this decision … attempt[s] to do is try to apply *Magwood* faithfully in the second-or-successive context.   These decisions, and most importantly *Magwood*, do not answer the distinct statute-of-limitations question raised in *Bachman*." *In re Stansell,* 828 F.3d at 418.

Although *In re Stansell* supports Respondent's argument, an even more recent decision from the Sixth Circuit explicitly found that a state-court's *nunc pro tunc* resentencing order "was a new judgment that **reset** AEDPA's one-year statute of limitations." *Crangle v. Kelly*, 2016 WL 5219880 at *1 (6th Cir. Sept. 22, 2016) (*per curiam*) (emphasis added).   If the statute of limitations was reset by Askew's resentencing in March of 2010, the one-year statute of limitations would not have commenced until after the conclusion of Askew's direct appeal from the resentencing in August of 2011.   Askew filed the present petition less than six months later in January of 2012. Given the Sixth Circuit's decision in *Crangle*, which is a stark departure from *Bachman*, the Court declines to recommend dismissal of this matter on the basis that it is time-barred.

## IV.   Exhaustion and Procedural Default

### A.   Exhaustion Standard

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c).   This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot:   "If no

remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001) ("a petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules.") (citations omitted).

### B.        Procedural Default Standard

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell,* 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).   A claim may become procedurally defaulted in two ways. *Id.*   First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).   If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[1] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel,* 526

---

[1]    In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135.   Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138-39; *accord Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

U.S. 838, 848 (1999).   If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *See, e.g.*, *Engle v. Isaac*, 456 U.S. 107, 125-130 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).   This second type of procedural default is often confused with exhaustion.   Exhaustion and procedural default, however, are distinct concepts.   AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28.   Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*.   In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*.   Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).   Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).   A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003), *abrogated on other grounds as recognized in English v. Berghuis*, 529 Fed. App'x 734, 744-45 (6th Cir. Jul. 10, 2013).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See, e.g., United States v. Frady, 456 U.S. 152, 172 (1982)*; *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent, 17 F.3d 155, 161-62 (6th Cir. 1994)*. Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *Mason v. Mitchell, 320 F.3d 604, 617 (6th Cir. 2003)*.

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman*, 501 U.S. at 749-50. Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *accord Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D. Ohio 2007) (Katz, J.)

## C.    Analysis

Respondent contends that all three grounds for relief raised by Askew's petition are procedurally defaulted. (R. 29, PageID# 1578-1584; R. 34, PageID# 3257-3258). The Court will consider each ground separately.

### 1. Ground One: Application of *Res Judicata* and Due Process Violation

Respondent construes ground one as raising some of the same arguments that Askew raised on direct appeal from his resentencing: that the state courts erred by denying his motion to withdraw his guilty pleas; that the trial court erred by denying his motion to suppress as it related to Askew's cell phone; and, that a number of his convictions should have been merged for sentencing. (R. 29, PageID# 1568-1573).   Respondent asserts that these claims are not cognizable. (*Id*.)   She further asserts that the claims are procedurally defaulted due to the state court's *res judicata* finding. (*Id*. at PageID# 1578-1584).

The Court disagrees with Respondent's reading of ground one of the petition.   The very crux of Petitioner's first ground for relief is his argument that the state appellate court improperly applied the doctrine of *res judicata*, thereby effectively preventing him from presenting the merits of his claims on appellate review.[9] (R. 1, PageID# 18-20; R. 28, PageID# 1534-1536).   Although Askew plainly believes that the aforementioned grounds should have been considered by the state courts and not barred by *res judicata*, Askew argues only the deprivation of a merits-based review as a constitutional error. (*Id*.)   Though Petitioner makes numerous citations to Ohio law, admittedly he does not attempt to explain how the alleged misapplication of Ohio law resulted in a due process violation. (*Id*.)

### a. *Res Judicata* Is A Valid Basis For Not Considering a Claim

Generally, the doctrine of *res judicata*, as applied in Ohio, precludes a defendant from raising a claim that was previously fully litigated or that could have been fully litigated at trial or on direct appeal. *See State v. Perry*, 10 Ohio St. 2d 175, 180, 226 N.E.2d 104 (Ohio 1967).

---

[9] Respondent's reading of ground one would also render it largely redundant with grounds two and three.

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that *was raised or could have been raised by the defendant at the trial*, which resulted in that judgment or conviction, *or on an appeal* from that judgment."

Since our pronouncement in *State v. Perry, supra*, this court and several lower courts have recognized exceptions to the absolute application of the doctrine of *res judicata* in proceedings for postconviction relief where ineffective assistance of counsel is claimed. *State v. Hester* (1976), 45 Ohio St. 2d 71 [74 O.O.2d 156]; *State v. Milanovich* (1975), 42 Ohio St. 2d 46 [71 O.O.2d 26]; *State v. Carter* (1973), 36 Ohio Misc. 170 [65 O.O.2d 276].   Herein, as appellant, upon direct appeal, was represented by new counsel who was in no way enjoined from asserting the ineffectiveness of appellant's trial counsel and as such question of effective counsel could fairly be determined without examining evidence outside the record, none of the qualifications engrafted upon the *Perry* decision is apposite.

*State v. Cole*, 443 N.E.2d 169, 2 Ohio St. 3d 112, 113-114 (Ohio 1982) (emphasis in original) (*quoting Perry*, 443 N.E.2d 169).

Here, after Askew was resentenced in March of 2010, he sought to raise issues on appeal that were not directly related to the imposition of post-release control.   The state appellate court found that Askew's "present assignments of error were or could have been raised in his initial appeal to this Court" and that a resentencing involving a failure to notify a defendant of post-release control does "not allow a defendant to challenge anew his convictions(s) as such is barred under the principles of law of the case and/or res judicata." *Askew*, 2011-Ohio-687 at ¶¶ 12-13.

The Sixth Circuit Court of Appeals has repeatedly has held that Ohio's doctrine of *res judicata* doctrine is an adequate and independent state ground to procedurally bar claims asserted in federal habeas actions. *See, e.g., Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) ("This court has held that [the] rule [requiring

claims based on facts in the record to be presented on direct appeal] is regularly and consistently applied by Ohio courts as required by the four-part *Maupin* test."); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000).   Thus, as a general rule, a state court's decision to forego addressing the merits of a claimed constitutional error is not problematic, and Askew's complaint that he was deprived of a merit-based review due to the application of *res judicata* is not a cognizable claim.

The Sixth Circuit has opined that " the procedural default rule delineated by *Perry* and *Cole* is a matter of state law." *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001), *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).   The *Greer* decision acknowledged that "a federal habeas court sitting in review of a state-court judgment should not second guess a state court's decision concerning matters of state law." *Id*. (*citing Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal.")). Nevertheless, the *Greer* court observed that "when the record reveals that the state court's reliance upon its own rule of procedural default is misplaced, we are reluctant to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded."[10] *Id*.

---

[10]  Federal courts that have followed the cautionary language of *Greer* have generally found the state appellate court's application of *res judicata* was misplaced where a petitioner was arguing ineffective assistance of trial counsel based on evidence *outside* the record, as in those cases, such claims are not properly brought on direct appeal. *See, e.g., Hill v. Mitchell*, 400 F.3d 308, 314 (6th Cir. 2005) ("ineffective-assistance claims [raised in post-conviction] are not barred by res judicata under Ohio law when evidence outside the direct-appeal record is presented . . . ."); *White v. Mitchell*, 431 F.3d 517, 527 (6th Cir. 2005) ("ineffective assistance claim was not procedurally defaulted because of evidence submitted outside the record…"); *Jones v. Bradshaw*, 2015 WL 10733080, at *13 (N.D. Ohio Oct. 30, 2015) (Katz, J.) ("Habeas courts, therefore, may disregard the *res judicata* procedural bar where evidence dehors the record that is competent, relevant and material was presented on state post-conviction to support a claim of ineffective assistance of trial counsel.")   In the case at bar, none of Askew's claims before the state appellate court alleged ineffective assistance of trial counsel based on evidence outside the record. (R.11-1, PageID# 814-839, Exh. 55).   As such, his claims must be raised during the initial direct appeal.

### b.  Ohio Court's Reliance on Doctrine of Res Judicata Not Misplaced

Askew has, however, alleged that the state appellate court's application of *res judicata* was erroneous. (R. 28).   Although it is questionable whether a habeas court can second guess the state appellate court's application of Ohio's procedural rules, Askew's argument that *res judicata* was improperly applied to the facts of his case is without merit.   The state appellate court's finding—that Askew's assignments of error were barred by *res judicata* because they could have been raised in his first direct appeal before resentencing— is ***not*** an erroneous application of state law.

In *State v. Fischer*, 942 N.E.2d 332, 128 Ohio St. 3d 92, 102 (Ohio 2010), the Ohio Supreme Court held that "although the doctrine of *res judicata* does not preclude review of a void sentence, *res judicata* still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.   **The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing**." (emphasis added); *see also State ex rel. Gregley v. Friedman*, 49 N.E.3d 264, 145 Ohio St. 3d 279, 281 (Ohio 2014) (rejecting the argument that an entire sentence is void because of an error in imposing postrelease control, and holding that only the offending portion of the sentence is subject to review); *State v. Powell*, 2016-Ohio-5870 at ¶10, 2016 WL 4986859 (Ohio Ct. App., Sept. 16, 2016) (while failure to impose statutorily mandated post release control renders that part of the sentence void, "[r]es judicata applied to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence"); *State v. Warren*, 2016-Ohio-5933 at ¶P8, 2016 WL 5350848 (Ohio Ct. App., Sept. 22, 2016) (noting that while void sentences "are an exception to the

24

*res judicata* doctrine, and may be reviewed at any time," other arguments "challenging the imposition of a sentence that is *voidable* are barred by the doctrine of *res judicata* if not raised on direct appeal.") (emphasis added); *State v. Baker*, 2016-Ohio-5669 at ¶14, 2016 WL 4608254 (Ohio Ct. App., Sept. 6, 2016) (arguments challenging the imposition of a sentence that is voidable, such as the alleged failure to merge sentences, are barred by the doctrine of *res judicata* if not raised on direct appeal); *State v. Colvin*, 2016-Ohio-5644 at ¶47, 2016 WL 4594260 (Ohio Ct. App., Aug. 31, 2016) ("Res judicata bars raising 'piecemeal claims' in a successive motion to withdraw a guilty plea that could have been raised, but were not, in the first motion to withdraw a guilty plea"); *State v. Hubbard*, 2011-Ohio-2770 at ¶4, 2011 WL 2306259 (Ohio Ct. App., June 8, 2011) ("If a sentence that fails to properly include post-release control is only void in 'part' and the 'new sentencing hearing to which an offender is entitled . . . is limited to proper imposition of postrelease control,' it does not necessarily follow that a motion to withdraw a plea should be considered a presentence motion.")

This small sampling of cases illustrates that Ohio courts continue to routinely find that a resentencing does not allow a defendant to resurrect claims that could have been raised on direct appeal that do not stem from the resentencing.   Askew's reliance on *State v. Billiter*, 980 N.E.2d 960, 134 Ohio St.3d 103 (Ohio 2012) and repudiation of *Fischer* is misplaced. (R. 28, PageID# 1534-1535).   An Ohio appellate court addressed a nearly identical argument and set forth a cogent explanation as to why *Fischer* and not *Billiter* applied:

> {¶9} …. Thus, pursuant to the holdings in *Fischer*, Young could challenge as void the portion of his sentence relating to post-release control, but res judicata would apply to the other aspects of the conviction, which included the determination of guilt and the resulting duties to register and notify with the county sheriff.
>
> {¶ 10} Young contends that the Court's subsequent decision in *Billiter*, however,

changes the result under *Fischer* and renders void all of the aspects of the 2001 judgment of conviction and sentence.   In its decision overruling Young's motion to dismiss, the trial court rejected this contention:

> *Billiter*, however, is distinguishable from the case at bar.   At issue in *Billiter* was whether the defendant's sentence for post-release control was void, and thus his charge of escape was based on that void sentence.   In the case at bar, Defendant argues that the failure of the Court to properly sentence him to post-release control renders his entire conviction for gross sexual imposition to be void.   Unlike *Billiter*, Defendant is not charged with escape for violating his post-release control.   Rather, Defendant's charged offense of failure to notify is not based on his underlying sentence.   It is based on his prior conviction for gross sexual imposition.   While *Billiter* does allow defendants to collaterally attack a sentence that was issued in error, it does not permit a collateral attack on other lawful aspects of the conviction.   The Court finds that the ruling in *State v. Fischer*, 128 Ohio St.3d 92, 2010 Ohio 6238 still applies to the facts of this case.   In *Fischer*, the Ohio Supreme Court held "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."   *Fischer, supra*, at paragraph three of the syllabus. *Billiter* expanded upon *Fischer* to the point of permitting collateral attacks on a void sentence.   *Billiter*, however, did not overrule *Fischer*'s holding that res judicata is a bar to relitigating other, lawful portions of a conviction. Dkt. 39, p. 2.

{¶ 11} As the trial court explained, the facts in *Billiter* are significantly different from the facts in the case before us.   In *Billiter*, the Court was faced with a post-release control portion of a sentence that was void and a subsequent conviction for escape that was based on a violation of the void post-release control portion of the previous sentence.   Under those facts and the precedence in *Fischer*, *Billiter* was able to attack his escape conviction as flowing from a void sentence. But Young cannot make the same contention in this case, because his Failure to Notify conviction was not related to the post-release control portion of his sentence. Young's Failure to Notify conviction was based on duties imposed on him by the portion of the 2001 judgment of conviction and sentence that Young has not challenged as void.   Consequently, Young is precluded by res judicata from now attempting to collaterally attack those valid portions of his conviction and sentence for Gross Sexual Imposition, which are not void. *Fischer*.

{¶ 12} In order to adopt Young's position in this case, we would have to conclude that the Court's decision in *Billiter* overruled the Court's holding in *Fischer*.   But the *Billiter* Court specifically relied on Fischer.

*State v. Young*, 2014 WL 2091358, 2014-Ohio-2088 at ¶¶ 9-12 (Ohio Ct. App. May 16, 2014).

26

The Court finds the *Young* decision's explanation instructive.   Here too, Askew's cocaine trafficking and possession convictions did not flow from a void sentence as did the defendant's escape conviction in *Billite*r, but rather from Askew's plea, which the state court determined was entered knowingly, intelligently, and voluntarily. (R. 11-1, PageID# 552-553, Exh. 31). Furthermore, there is no indication that any other portion of Askew's sentence was void.   As such, assuming for the sake of argument only that this Court may review whether the state appellate court correctly applied the doctrine of *res judicata*, the Court finds in the affirmative.

Finally, Askew suggests that the Sixth Circuit's remand order in this matter rejected the argument that Askew's claims on direct appeal were barred by *res judicata*. (R. 38, PageID# 3275).   However, as Askew argued in his traverse, procedural default was not raised on appeal. (R. 33, PageID# 3248).   The Court does not construe the Sixth Circuit's decision as having confronted the issue of procedural default, and the only mention of *res judicata* contained in the decision is the following observation: the state appellate court "cited *Fischer* as 'validat[ion]' of its own pre-*Fischer* holding that 'resentencings do not allow a defendant to challenge anew his *conviction[s]* as such is barred under the principles of law of the case and/or res judicata.'" *Askew v. Bradshaw*, 636 Fed. Appx. 342, 349 (6th Cir. 2016) (*citing Askew*, 2011-Ohio-687, 2011 WL 578762, at *2)).   The Court of Appeals did not offer an opinion as to whether the application of *res judicata* was misplaced.   Askew's suggestion to the contrary is an unreasonably expansive interpretation of the decision, given the only issue before the Court was whether the petition was a second or successive petition for federal habeas purposes.

As such, the Court finds ground one fails to present a cognizable habeas claim as it is well-established that *res judicata* may bar a state court's consideration of a constitutional claim.

### 2.   Ground Two: Ineffective Assistance of Appellate Counsel and Illegal Search

In his second ground for relief, Petitioner argues that his counsel was ineffective for failing to raise "the most obvious and significant issue on direct appeal." (R. 1, PageID# 20-23; R. 28, PageID# 1536-1538).   According to Petitioner, that issue was appellate counsel failing to argue that *trial counsel was ineffective* for failing to seek suppression of an alleged illegal search of his cell phone in violation of the Fourth Amendment. (*Id*.)   It is not entirely clear from Petitioner's argument as to which appellate counsel's performance he is challenging.   Nonetheless, Petitioner does argue that he raised the issue of ineffective assistance of appellate counsel with respect to trial counsel's failure to seek suppression of the cell phone search on appeal from his March 2010 resentencing. (R. 1, PageID# 20).   Therefore, the Court construes ground two as challenging appellate counsel's performance on direct appeal in 2005, and *not* counsel's performance on appeal from the resentencing.

Respondent asserts that ground two is procedurally defaulted. (R. 29, PageID# 1580-1582).   First, it is important to note that on direct appeal back in 2005, appellate counsel did argue in the first assignment of error that the search of Askew's cell phone violated his client's Fourth Amendment right to privacy and should have been suppressed along with the fruits of the ensuing search of Askew's residence. (R. 29-1, PageID# 1645-1648, Exh. 7).   The state appellate court, however, refused to address the merits of the claim because trial counsel did not raise the issue in the motion to suppress. (R. 29-1, PageID# 1708, Exh. 10).   This appears to be the genesis of Askew's claim that appellate counsel was ineffective for not framing the assignment of error in terms of an ineffective assistance of *trial* counsel claim.

The Court agrees the claim is defaulted, as it was never presented on a full-round of state

review.   On direct appeal to the Ohio Supreme, Askew, represented by different counsel than before the state appellate court, did not argue that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness. (R. 29-1, PageID# 1717-1727, Exh. 12).   Askew did file an App. R. 26(B) application to reopen his appeal on September 6, 2005, wherein he argued ineffective assistance of appellate counsel based on a failure to raise as error trial counsel's failure to challenge the search of a cellphone.[11] (R. 29-1, PageID# 1767-1769, Exh. 15.)   After the 26(B) application was denied, Askew did not appeal to the Supreme Court of Ohio.   However, on November 5, 2008, Askew did raise his claim of ineffective assistance of appellate counsel based on the failure to argue ineffectiveness of trial counsel in a post-conviction petition. (R. 29-1, PageID# 1808-1814, Exh. 18).   The common pleas court found the petition was untimely under O.R.C. § 2953.21, and that Askew had not satisfied the requirements to file a delayed petition. (R. 29-1, PageID# 1909-1918, Exh. 20).   Askew appealed the denial of his post-conviction petition to the state appellate court, which affirmed.[12] (R. 29-1, PageID# 1919, 1961-1971, Exhs. 21 & 24).   Again, Askew did not appeal the state appellate court's decision to the Ohio Supreme Court.

Ground two was not "fairly presented" to the state courts, as a claim must have been raised before the state's highest court in order to provide state courts with a fair opportunity to pass upon and correct alleged violations of federal rights. See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438

---

[11] The state appellate court denied reopening because appellant could not demonstrate prejudice based on counsel's alleged inadequacy. (R. 29-1, PageID# 1807, Exh. 17).   The state appellate court suggested that "Appellant's possible recourse is to file a petition for post-conviction relief, developing the issue more fully." (*Id.*)

[12] Courts have found that O.R.C. § 2953.21's timeliness requirements are an adequate and independent state law ground. *Nickleson v. Welch*, 2010 WL 5582881 at *4 (N.D. Ohio Oct. 14, 2010), *report and recommendation adopted*, 2011 WL 127409 (N.D. Ohio Jan. 14, 2011) (collecting cases); *see also Davis v. Warden, Ohio Reformatory for Women*, 2009 WL 1162888 at *4 (S.D. Ohio Apr.29, 2009).

(1971); *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S. Ct. 2546, 115 L. Ed. 2d 640(1991).

"Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub, 349 F.3d 340, 346 (6ᵗʰ Cir. 2003)* (*quoting O'Sullivan, 526 U.S. at 845*).

Here, by neither appealing his 26(B) application nor his post-conviction petition all the way to the Ohio Supreme Court, Askew never completed a *full round of review* in state court with respect to his claim in ground two.   In addition, Askew would be unable to return to state court, as the Supreme Court of Ohio does not accept delayed appeals for either.   Pursuant to Ohio S. Ct. Prac. R 7.01(A)(4)(C), "[t]he Clerk shall refuse to file motions for delayed appeal involving postconviction relief or App.R. 26(B)."   Fair presentation requires raising an issue in a manner in which the state court could actually consider the claim, thus any attempt by Askew to file a delayed appeal from his 26(B) application or post-conviction petition would be unavailing. *See, e.g., Dickerson v. Warden, Ross Corr. Inst.*, 2016 WL 1642963 at *9 (S.D. Ohio Apr. 26, 2016) (finding the petitioner procedurally defaulted his claim of ineffective assistance of appellate counsel, because he failed to appeal the denial of his application to reopen pursuant to Ohio Appellate Rule 26(B) and could no longer do so under Ohio S.Ct.Prac.R. 7.01(A)(4)(c)); *see also Crawford v. Lazaroff*, 2016 WL 791608 at *9 (N.D. Ohio Jan. 14, 2016) ("because the Supreme Court of Ohio does not permit delayed appeals for post-conviction petitions, Crawford would be procedurally barred from bringing these claims in state court [and is] procedurally barred from pursuing these claims in federal court."), *report and recommendation adopted*, 2016 WL 778044 (N.D. Ohio Feb. 29, 2016); *Robbins v. Warden, Chillicothe Corr. Inst.*, 2016 WL 1039568, at n. 5 (S.D. Ohio Mar. 7, 2016), *report and recommendation adopted*, 2016 WL 1572963 (S.D. Ohio Apr. 19, 2016) (same).

Askew's failure to fairly present his ineffective assistance of appellate counsel claim in ground two to the Ohio Supreme Court "constitutes an adequate and independent state procedural rule barring habeas review." *Hines v. Brunsman*, 2010 WL 750176 at *18 (N.D. Ohio Feb. 26, 2010) (*citing Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004)).

Therefore, ground two is procedurally defaulted.

### 3.  Ground Three: Ineffective Assistance of Appellate Counsel and Validity of Plea

As best as this Court can understand, Petitioner's third and final ground for relief argues that appellate counsel was ineffective for failing to challenge the trial court's failure to apprise him of the maximum penalty he was facing prior to accepting his guilty plea. (R. 1, PageID# 23-28; R. 28, PageID# 1538-1542).

Respondent argues that this ineffective assistance of appellate counsel claims is also procedurally defaulted, because it was not raised at the first available opportunity (*i.e.* on direct appeal). (R. 29, PageID# 1582-1584).   Respondent is correct.   On direct appeal, Petitioner's five assignments of error all revolved around suppression and did not argue that the trial court failed to accurately apprise him of the maximum penalty he faced. (R. 29-1, PageID# 1632-1657, Exh. 7). Furthermore, unlike with his claim in ground two, Askew did not argue this claim as a basis to reopen his appeal in his App. R. 26(b) application. (R. 29-1, PageID# 1761-1770, Exh. 15). Similarly, Askew did raise a claim of ineffective assistance of appellate counsel based on the trial court's alleged failure to inform him of the maximum penalty in his post-conviction petition. (R. 29-1, PageID# 1808-1814, Exh. 18).   Rather, a similar argument was first raised in 2008 in a motion to withdraw his guilty plea. (R. 29-1, PageID# 2017-2031, Exh. 30).   The trial court

denied the motion (R. 29-1, PageID# 2034-2035, Exh. 31), and Askew appealed. (R. 29-1, PageID# 2036, Exh. 32).   The state appellate court held as follows:

> {¶ 30} In his second assignment of error, Appellant argues that the trial court erred by failing to inform him of the maximum penalty involved at his sentencing and that the court improperly informed him that he could be convicted and sentenced on both possession of cocaine and trafficking in cocaine.   In his third assignment of error, Appellant argues that trial counsel was ineffective for failing to advise him of the maximum penalty involved at his sentencing and improperly informed him that he could be convicted and sentenced on both possession of cocaine and trafficking in cocaine.

> {¶ 31} Appellant's arguments regarding these issues were available to him on direct appeal and were also available in a timely post-conviction petition. Therefore, Appellant's arguments are barred under the doctrine of res judicata.   As stated by the Supreme Court of Ohio in *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." Id. at 180-181, 226 N.E.2d 104.

> {¶ 32} Moreover, this Court has held that the doctrine of res judicata applies to motions to withdraw guilty pleas as well. *State v. Corradetti,* 5th Dist. No. 2008-CA-00194, 2009-Ohio-1347.   As such, Appellant's claims are now barred.

*Askew*, 2009-Ohio-5293 at ¶¶ 30-32.

Without repeating the lengthy discussion or recitation of law above, it is clear that Askew failed to comply with state rules requiring all known claims to be raised on direct appeal, that the state courts actually enforced the rule by finding the claims barred by *res judicata*, and that *res judicata* constitutes an "independent and adequate" state ground on which the state can foreclose federal review.   As such, the ineffective assistance of appellate counsel claim set forth in ground three is procedurally defaulted.

### 4.  Excusing Procedural Default

To the extent Askew's grounds for relief raise cognizable claims, they are procedurally defaulted.   Petitioner has not set forth any cause or ensuing prejudice that would excuse his procedural default with respect to any of his grounds for relief.   He also has not argued that he is actually innocent based on new, reliable evidence.

Petitioner does argue that Respondent has waived the defense of procedural default by failing to argue it earlier before this Court or before the Court of Appeals. (R. 33, PageID# 3246-3248).   Though Petitioner is correct that Respondent did not argue Askew's claims were procedurally defaulted in the initial Answer/Return of Writ (R. 11), the Court finds this immaterial.   Respondent initially argued that the petition constituted a second or successive petition, which required the approval of the Sixth Circuit before it could be considered by the District Court. (*Id*.)   The District Court agreed.   Although the Sixth Circuit ultimately concluded that the petition was neither second nor successive, it would have been premature for Respondent to raise the procedural default defense prior to the determination as to whether the District Court was even authorized to consider the petition.

For the reasons set forth above, Askew's claims are procedurally defaulted and he has failed to demonstrate any valid basis for excusing his default.

### V.  Conclusion

For the foregoing reasons, it is recommended that Askew's Petition be DISMISSED.

s/ *David A. Ruiz*

David A. Ruiz
United States Magistrate Judge

Date: February 21, 2017

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (14) days after the party objecting has been served with a copy of this Report and Recommendation.   Failure to file objections within the specified time may waive the right to appeal the District Court's order.   *See United States v. Walters, 638 F.2d 947 (6th Cir. 1981)*.   *See also Thomas v. Arn, 474 U.S. 140 (1985)*, *reh'g denied*, **474 U.S. 1111 (1986)**.