# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Sero Duvall Askew, | CASE NO. 5:12 CV 131 |
| Petitioner, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| Margaret Bradshaw, Warden | **Memorandum of Opinion and Order** |
| Respondent. | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Ruiz (Doc. 40), which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation."

**Discussion**

Petitioner was indicted by an Ohio grand jury in 2004 on counts of possession of cocaine and trafficking in cocaine. He entered a plea of no contest after the trial court denied his pretrial motions to suppress evidence. The trial court sentenced Petitioner to a term of imprisonment of fifteen years. He then filed a direct appeal, application to reopen his direct appeal, and post-conviction petition in state court, all of which were denied.[1] In 2006, Petitioner filed a federal habeas petition, which this Court dismissed. Petitioner then filed a variety of proceedings in state court. In 2010, the trial court granted a new sentencing hearing because Petitioner's 2004 judgment entry did not reflect the finding of guilt that the court had made at his sentencing hearing and the notification of post-release control was defective. At Petitioner's resentencing hearing, he moved to withdraw his plea, which the trial court denied. Petitioner was re-sentenced to an aggregate term of imprisonment of fifteen years. Petitioner appealed from his resentencing. The appellate court denied Petitioner's assignment of error that the trial court had abused its discretion when it denied his motion to withdraw his plea, finding that the trial court had been without jurisdiction to vacate his plea after his conviction had been affirmed. It also denied his other assignments of error, holding that the resentencing did not allow him to challenge anew his conviction because such challenges were barred by res judicata. Petitioner's motion for reconsideration was denied, and the Ohio Supreme Court denied leave to appeal. Petitioner then filed several other proceedings in state court. Again, all

---

[1] The Report and Recommendation discusses Petitioner's state court proceedings in depth. (Doc. 40 at 3-14).

were unsuccessful.

On January 19, 2012, Petitioner filed the currently pending petition for writ of habeas corpus, which the Sixth Circuit determined was not a second or successive petition. The Petition asserts three grounds for relief:

> Ground One: When a petitioner is denied merit review of claimed constitutional error, on the basis of an erroneous procedural determination, petitioner is denied the effective assistance of counsel and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> Ground Two: When appellate counsel fails to raise the most obvious and significant issue on direct appeal, petitioner is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Ground Three: When appellate counsel fails to address the trial court's failure to properly inform petitioner of the maximum sentence he faced prior to accepting his plea as required under Criminal Rule 11(C)(2)(a), petitioner is denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

Ground One

The Magistrate Judge construed Ground One as arguing only that the state court improperly applied the doctrine of res judicata to bar a merits review of his claims. He noted that Petitioner made numerous citations to Ohio law in his briefing but did not attempt to explain how the alleged misapplication of Ohio law resulted in a due process violation. The Magistrate Judge concluded that this claim was not cognizable in a federal habeas petition because Ohio's doctrine of res judicata is an adequate and independent state ground to procedurally bar claims asserted in federal habeas. He also concluded that, even if a federal court could second guess the state appellate court's application of Ohio's procedural rules, its application of res judicata was not erroneous.

In his Objections, Petitioner asserts that the Magistrate Judge "misinterpreted his claim." But Petitioner's "clarification" supports that the Magistrate Judge correctly construed Ground One: "To clarify, the basis for the claim presented in this ground for relief was created when the state appellate court denied Askew his direct appeal of right, due to an erroneous application of law-of-the-case and/or res judicata, and that procedural determination now involves Askew's liberty interest that invokes the Due Process Clause of the Fourteenth Amendment to the United States Constitution." (Doc. 42, at 4). For the reasons addressed in the Report and Recommendation, the Court agrees with the Magistrate Judge that Ground One must be dismissed because Petitioner has not shown how the deprivation of a merits-based review amounts to a constitutional violation cognizable on habeas review.

Moreover, to the extent that Petitioner is arguing in Ground One that the state courts erred by denying his motion to withdraw his no contest plea, (*id.* at 5), and by failing to merge allied offenses of similar offenses, (*id.* 8-9), these claims are not cognizable.

Because there is no federal due process right to withdraw a guilty plea, a federal habeas court generally "lacks authority to adjudicate a claim that the state court improperly denied a motion to withdraw a guilty plea." *Perry v. Lazaroff*, 2016 WL 8674485 (N.D. Ohio Nov. 4, 2016), report and recommendation adopted, 2017 WL 1251635 (N.D. Ohio Apr. 5, 2017) (citations omitted); *see also, e.g., Gibson v. Warden, Hocking Corr. Facility*, 2011 WL 1429099, at *5 (S.D. Ohio Feb. 23, 2011), report and recommendation adopted, 2011 WL 3861687 (S.D. Ohio Aug. 31, 2011) ("[T]he decision whether to permit a defendant to withdraw a guilty plea is committed to the trial court's discretion, which generally is not a basis for federal habeas relief."). Petitioner has not shown, or even argued, that his guilty plea

4

was fundamentally unfair such that it rose to the level of a constitutional violation. Thus, assuming that Ground One asserts that the state courts erred in denying his motion to withdraw his guilty plea, it does not provide a basis for federal habeas relief.

Similarly, the Sixth Circuit has held that habeas relief is not available for a claim that the state courts erred in failing to merge his convictions for sentencing. *Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014) ("At worst, the state court incorrectly applied Ohio's allied offenses statute to determine the legislature's intent. Habeas relief...is not available for such alleged errors."). *See also Howard v. White*, 76 F. App'x 52, 54 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Wilcox v. Littlefield*, 48 F.3d 1220 (6th Cir. 1995) ("Federal courts may not review claims that a state court failed to adhere to state statutory sentencing procedures.").

Ground Two

The basis of Ground Two–whether it relates to appellate counsel's performance on direct appeal in 2005 or appellate counsel's performance on direct appeal from resentencing–is unclear from Petitioner's briefing. *Compare* (Doc. 28, at 5) ("Here, Askew['s] expectation of privacy in his cell phone was reasonable and justifiable, and counsel performed deficiently by not raising the illegal search of cell phone issue at the suppression hearing, and this ineffectiveness prejudiced Askew's case at the suppression hearing as well as on appeal"), *with* (Doc. 1, at 20) ("Because the Ohio Supreme Court's decision in *Smith* is rooted long standing principles of the Fourth Amendment, as defined by the United States Supreme Court, appellate counsel had a duty to raise this issue on direct appeal from the de novo sentencing

5

hearing."). The Magistrate Judge construed Ground Two as challenging appellate counsel's performance on direct appeal in 2005 rather than counsel's performance on appeal from Petitioner's resentencing. He concluded that the claim is procedurally defaulted because Petitioner did not "fairly present" the claim to the state courts. To the extent that Ground Two addresses appellate counsel's performance on direct appeal in 2005, this Court agrees that the claim is procedurally defaulted for the reasons stated in the Report and Recommendation.

In his Objections, Petitioner states that Ground Two challenges appellate counsel's performance on direct appeal from his 2010 resentencing, *not* appellate counsel's performance on direct appeal in 2005. The Ohio Supreme Court dismissed his appeal from the resentencing as not involving any substantial constitutional questions. Because the court did not articulate its reasoning, Petitioner argues that the claim must be reviewed under the standard set forth in *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000). In *Harris*, the Sixth Circuit held that when a state court rejects a constitutional claim without explaining its reasons for doing so, a federal habeas court applies an intermediate approach that is in-between de novo review and complete deference. The court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *Id.* at 943.

Assuming Ground Two is based on appellate counsel's performance on direct appeal from his 2010 resentencing, the Ohio Supreme Court's decision is not contrary to federal law, an unreasonable application of clearly established law, or based on an unreasonable determination of the facts in light of the evidence presented. A defendant has a constitutional

6

right to effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). The two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), governs ineffective assistance of appellate counsel claims. Under the first prong, Petitioner must demonstrate that "counsel's representation was deficient in that it 'fell below an objective standard of reasonableness.'" *Id.* at 688. In assessing whether counsel's performance was deficient, this Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and Petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation and quotation marks omitted). Under the second prong, Petitioner must show "prejudice." He does so by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A court evaluates the reasonableness of appellate counsel's conduct by examining the state of law at the time of the appeal. *Ceasor v. Ocwieja*, 655 F. App'x 263, 277–79 (6th Cir. 2016); *see also Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001)("[T]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances") (citation and quotation marks omitted). Petitioner filed his appeal from the resentencing on August 31, 2010. At that time, the law in Ohio was clear that a resentencing for deficiencies involving notification and journalization of post-release control did not allow a defendant to challenge anew his conviction and that appeals from such resentencings could raise only arguments relating to the resentencing. *See, e.g.,*

7

*State v. Fischer*, 181 Ohio App. 3d 758, 761 (Ohio Ct. App. 2009), *aff'd*, 128 Ohio St.3d 92 (2010); *State v. Ortega*, 2008 Ohio 6053, ¶ 7 ("[W]hen a 'court affirms the convictions in the First Appeal, the propriety of those convictions becomes the law of the case, and subsequent arguments seeking to overturn them become barred. Thus, in the Second Appeal, only arguments relating to the resentencing are proper.'") (quoting *State v. Harrison*, 2008 Ohio 921, at ¶ 9). Thus, appellate counsel did not act unreasonably in failing to object to the legality of the cell phone search, as such a challenge would have been barred by res judicata. Nor was Petitioner prejudiced by appellate counsel's failure to object to the search because the result of the proceeding would not have been different. Indeed, the appellate court rejected Petitioner's other claims on appeal because they did not relate to the sentencing. (R. 58 at 4) ("This court has repeatedly held such resentencings do not allow a defendant to challenge anew his conviction(s) as such is barred under the principles of res judicata/law of the case.").

Ground Three

The Magistrate Judge concluded that Ground Three is procedurally defaulted because Petitioner did not raise it on direct appeal, which would have been his first available opportunity. This Court agrees. Ground Three is, therefore, dismissed for the reasons stated in the Report and Recommendation.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is incorporated herein, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon

which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


                                                        /s/Patricia A. Gaughan
                                                     PATRICIA A. GAUGHAN
                                                     United States District Court
Date:   8/04/17                         Chief Judge